1
2
3
4
5
6 # UNITED STATES DISTRICT COURT
7 ## EASTERN DISTRICT OF CALIFORNIA
8

9  JUAN L. O'NEILL,                          )
                                            )  1:07-cv-00138-OWW-TAG HC
10                  Petitioner,              )
                                            )  ORDER REQUIRING RESPONDENT TO FILE
11     v.                                    )  A RESPONSE
                                            )
12  JEFF WRIGLEY, Warden, et al.,            )  ORDER DIRECTING CLERK OF COURT TO
                                            )  SERVE DOCUMENTS
13                  Respondents.             )
    _____ )  ORDER SETTING BRIEFING SCHEDULE
14

15        Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

16  pursuant to 28 U.S.C. § 2241.

17                           **PROCEDURAL HISTORY**

18        On January 25, 2007, Petitioner filed a petition for writ of habeas corpus.  (Doc. 1).

19  Petitioner alleges that, as an inmate at the Taft Correction Institution, the Bureau of Prisons ("BOP")

20  has refused to assess Petitioner pursuant to 18 U.S.C. § 3621(b), to determine if he is eligible for six

21  months of pre-release placement at a Community Corrections Center ("CCC").[1]  (Doc. 1, p. 1).

22  Petitioner alleges that the BOP's failure to provide such an assessment is in violation of federal law,

23  i.e., § 3621(b).  (Id.).  Petitioner further alleges that he has received just sixty days of placement in a

24  RRC, even though "an assessment under 18 U.S.C. § 3621(b) would allow up to six (6) months

25  placement."  (Id. at p. 2).  Petitioner seeks an order from this Court that BOP be required to

26

27        _____

        [1]CCC's are now called Residential Re-entry Centers, or "RRC's." For consistency, the Court will
28  refer to these facilities as RRC's.

1

1    "immediately in good faith" assess Petitioner's eligibility for RRC pursuant to § 3621(b), without

2    reference to its December 2002 regulations and without reference to 28 C.F.R. § 570.12.  (Id. at p.

3    3).

4    **DISCUSSION**

5        Writ of habeas corpus relief extends to a person in custody under the authority of the United

6    States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or

7    constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C.

8    § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must

9    bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Capaldi v. Pontesso, 135 F.3d

10    1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v.

11    Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-

12    894 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-479 (3rd Cir. 1991);  United States v.

13    Hutchings, 835 F.2d 185, 186-187 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th

14    Cir. 1980).

15        To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his

16    sentence is being executed in an illegal, but not necessarily unconstitutional, manor.  See, e.g., Clark

17    v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be

18    credited toward federal custody);  Jalili, 925 F.2d at 893-894 (asserting petitioner should be housed

19    at a community treatment center);  Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in

20    determining whether petitioner could receive credit for time spent in state custody);  Tubwell, 37

21    F.3d 175 (alleging error in parol revocation); Hutchings, 835 F.2d at 185-186 (claiming Board of

22    Parole mistakenly denied petitioner's release); Brown, 610 F.2d at 677 (challenging content of

23    inaccurate pre-sentence report used to deny parol).  A petitioner filing a petition for writ of habeas

24    corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's

25    custodian.  Hutchings, 835 F.2d at187; Brown, 610 F.2d at 677.

26        In this case, Petitioner is alleging that the BOP has failed to properly apply 18 U.S.C.

27    § 3621(b), thereby illegally limiting the amount of time Petitioner may be placed in a RRC facility.

28

2

1  Petitioner is thus challenging the execution of his sentence rather than the imposition of that

2  sentence.  Therefore, his petition is proper under 28 U.S.C. § 2241.  In addition, because Petitioner is

3  currently incarcerated at Taft Correctional Facility, and Taft Correctional Facility is within the

4  Eastern District of California, Fresno Division, this Court has jurisdiction to proceed to the merits of

5  the petition.

6       The Court notes that this precise issue has previously been resolved in favor of a federal

7  petitioner and against Respondents.  Horn v. Ellis, No. 06 CV-F-0006 OWW TAG HC, 2006 WL

8  1071959 (E.D. Cal. April 21, 2006).  Because Petitioner may be entitled to the requested relief if the

9  claimed violations of rights are proved,  Respondents are ORDERED to file a response within thirty

10  (30) days of the date of service of this order. See 28 U.S.C. § 2243; cf. Rule 4 of the Rules

11  Governing Section 2254 Cases.  Respondents shall include with the response any and all transcripts

12  or other documents relevant to the determination of the issues presented in the petition.  In lieu of a

13  formal response on the merits of the petition, Respondents may elect to re-assess Petitioner's release

14  date to RRC without reference to the BOP's December 2002 regulations and without reference to

15  28 C.F.R. § 570.12, and then file a motion to dismiss on grounds that the petition is moot.

16                                          **ORDER**

17       Accordingly, the Court ORDERS that:

18       1.  Respondent SHALL file a response to the petition within thirty (30) days of the date of

19       service of this order and shall include with that response any and all documents relevant to

20       the determination of the issues presented in the petition;

21       2.  In lieu of a formal response, Respondents may elect instead to re-assess Petitioner's date

22       of release to RRC, without reference to the December 2002 regulations or 28 C.F.R.

23       § 570.12, and thereafter to file a motion to dismiss the petition as moot.  Any re-assessment

24       and subsequent motion to dismiss the petition as moot must also be filed within thirty (30)

25       days of the date of service of this order;

26       3.  Petitioner's traverse or reply, if any, to either Respondents' response or motion to dismiss

27       is due on or before fifteen (15) days from the date said response or motion to dismiss is filed;

28

3

and,

4.  The Clerk of the Court shall serve a copy of this order together with a copy of Petitioner's petition, along with all exhibits, on the United States Attorney for the Eastern District of California or his representative, an agent for the Taft Correctional Institution, and the United States Bureau of Prisons.

IT IS SO ORDERED.

Dated:   **April 18, 2007**                                              **/s/ Theresa A. Goldner**
                                                                                            UNITED STATES MAGISTRATE JUDGE

4